WILLIAM LEWIS, *Appellant,* v. THE CHEROKEE & PITTSBURG COAL AND MINING COMPANY, *Appellee.*

No. 16,912.

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Safe Place to Work and Safe Appliances.* An experienced miner who was engaged in driving mules through the entries of a mine, which were of varying widths, drove mules attached to a string of cars to a place where the entry passed through a horseback, which was so narrow that there was not room for the driver between the cars and the wall. He stopped to hook on another car and the mules started without warning, and before he could get out of the way he was drawn between the car and the wall and injured. *Held,* that the obvious fact that the entry was so narrow at that point as not to afford room for the body of a miner between the car and the wall was not culpable negligence toward the miner.

Appeal from Crawford district court. Opinion filed March 11, 1911. Affirmed.

*F. B. Wheeler,* and *John L. Kirkpatrick,* for the appellant.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action to recover damages for personal injuries sustained by appellant while driving mules in the mine of appellee. He was an ex-

perienced miner and mule driver, although he had only been employed a short time in that mine. His work was to take empty cars into the entry and to distribute or place them in the rooms opening into the entry, and then to return with the loaded cars picked up from the various rooms. These cars are coupled together by means of links and hooks. The motive power to move the cars hooked together is a pair of mules, driven tandem fashion, and guided by verbal orders. The entries are of various widths, most of them ranging from five to eight feet. The width of the entry where the accident ocurred was about four feet and ten inches, and was narrower at that point by reason of the existence of what is called a horseback. It was near the door of a room from which a car was taken, and just after appellant had coupled the car to the string of cars to which the mules were hitched the mules started suddenly, without the word of command, and as one of appellant's legs was outside the car it was caught between the rear car and the wall and was injured. The space between the car and the wall was not wide enough for him to stand or walk. He said that the ordinary way to avoid being caught in such a place is to go between or climb over the cars. The negligence alleged is that appellee did not furnish appellant a reasonably safe place to work and proper appliances with which to work, and the court, upon evidence showing the foregoing facts, sustained a demurrer to the evidence and gave judgment for appellee.

The negligence mainly relied upon was that the entry was too narrow. It does not appear that there is a regulation width of entries in mines, and the fact that the entries in this mine are of varying widths was an obvious fact and must have been known to the plaintiff. He had traveled through the entry when he went after the loads, and thus had an opportunity to observe the horseback and the narrow

places in the entry. He had a lamp on his hat, which enabled him to see a distance of ten feet. It does not appear that there was any negligence in not informing appellant that there were narrow places in the entry. In fact he had been engaged in coal mining for about twenty years, and had been driving mules in mines for about fifteen years of that time. There was no testimony to show the character of the horseback or whether it was practicable to remove it or to make the entry wider at that place. Since there is no standard width for entries, and as appellant must have known of the varying widths in this mine, it can not be held that the appellee was culpably negligent toward plaintiff because the entry happened to be narrow where he was hurt. Doubtless there would be less risk of injury to employees if the entries were six or eight feet wide, but it may not be practicable to make them wider than they were made at certain places, and the fact that the entries did differ in width admonished employees to look out for such places and their own safety in them. There is no evidence tending to show that there was negligence in selecting or using the mules which appellant was driving, and the unfortunate accident appears to have been due to the unexpected starting of the mules before appellant reached a place of safety.

If there was any substantial evidence of negligence toward appellant the demurrer should have been overruled, but it can not be held that the fact that appellee had an entry which was narrow where it passed through the horseback was negligence toward appellant. A recovery based on the evidence relied on could not be upheld.

The judgment is affirmed.