No. 20,240.

MATT OPLOTNIK, *Appellant*, v. THE CHEROKEE & PITTSBURG COAL & MINING COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Injuries to Coal Miner—Passing Over Trip of Cars in Narrow Entry.* An employee in a mine injured while passing over a trip of cars in an entry of varying width but which was not wide enough at the place of the injury for him to pass on either side of the cars, can not recover from his employer on the ground of the narrowness of the entry unless it is shown that it was practicable and necessary to make the entry wider at the place where he was injured.

2. SAME—*Failure to Provide Manholes in Entry—Not Proximate Cause of Injury.* The omission of the employer to provide manholes in the entry at intervals of sixty feet as the statute requires is not a ground of recovery for one injured in the entry unless there is a causal relation between the omission of duty and the injury, or the circumstances were such that the injury might have been avoided if manholes had been provided.

3. SAME—*No Actionable Negligence of Employer Shown.* Under the testimony herein it can not be held that the employer was guilty of actionable negligence towards the plaintiff because of the fact that the driver of the team of mules attached to the trip of cars was some distance away from them when the accident occurred.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed June 10, 1916. Affirmed.

*Arthur Fuller,* and *W. J. True,* both of Pittsburg, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by Matt Oplotnik against the Cherokee & Pittsburg Coal & Mining Company to recover damages for injuries sustained by him while working in the defendant's mine on December 11, 1912. The plaintiff had been a coal miner for seventeen years, and had been working in the portion of the mine where the injury occurred for a month and a half. The place in which the accident took place was a passageway termed the straight west entry, where the miners pass to and fro, and through which cars of coal running on a track were pulled by mules. A loaded car passing through it leaves but little room at the side for a person to pass, the width of the entry varying, but it averages about six feet. The entry had no manholes, or places of refuge, where the miners could stand while loaded cars were passing. On the day in question the plaintiff had quit work and was walking through the entry toward the parting. In order to pass through the entry it was necessary for him to pass two or three trips of loaded cars standing there, one behind the other and each attached to a tandem of mules. In passing, he crawled along the tops of the loaded cars and had passed two trips and stepped down in front of the foremost car of the second trip, when the mules which he was in the act of passing became suddenly frightened and started forward, with the result that the car struck and injured him. The mules walked only a few feet, when they were stopped by another trip of cars about eight or ten feet ahead of them. The mules were unattended at the time they became frightened, their driver being at the parting about 120 feet from the team, eating his lunch. He had been instructed to leave the team standing in the entry while the parting was being cleaned up. There was testimony that the entry at the particular point where the plaintiff stepped down from the car was not wide enough to have permitted him to climb down the side of the car instead of in front, as he did, and some to the contrary. At the trial the court overruled an objection to the introduction of any evidence, but after the plaintiff's evidence was in a demurrer thereto was sustained.

On this appeal it is contended that the evidence produced tended to show negligence on the part of the defendant in that the entry was so narrow as to be unsafe. The entries are not uniform in width, and it is impracticable to make them so, because of horsebacks and rock formations through which the entries pass. No testimony was offered to show that it was necessary or practicable to make the entry wider at the place where the plaintiff was hurt. A witness spoke of another entry or passage which was open and might have been used. Within the rule of *Lewis v. Coal Co.*, 84 Kan. 333, 113 Pac. 1045, the narrowness of the entry where the plaintiff was injured was not shown to be culpable negligence.

It was shown that there were no manholes near the place of the accident, and plaintiff insists that the defendant was negligent in failing to provide them. The act providing for the health and safety of miners requires that manholes shall be provided at intervals of not more than sixty feet. (Gen. Stat. 1909, § 4987.) These are intended as places of refuge when cars drawn by mules or other animals are passing, and of course are not intended and can not be used as a traveling way past trips of cars. The absence of manholes at that place did not contribute to the plaintiff's injury. The company would be liable to an employee who had been injured by reason of the omission of this duty, but it can not be held liable unless there was a causal relation between the omission of duty and the injury to the plaintiff; and of course there is no actionable negligence where the omission is not the proximate cause of the injury.

The final contention is that the defendant was negligent in leaving the team of mules attached to the trip unhitched and unattended. Three trips of cars had been stopped near the parting to clean the entry; that is, to pick up the coal that had fallen upon the track. While waiting for this to be done the driver in charge of the trip which collided with the plaintiff stepped aside and was eating his lunch. There was another trip eight or ten feet ahead of the lead mule attached to the colliding trip and one immediately behind it. The plaintiff invokes the rule applicable to cases where horses are left unhitched and unattended on a public street, but the situations are so unlike that the rule does not fairly apply. Here the

Oplotnik v. Mining Co.

mules were on a private way, walled in closely, with a trip of cars ahead of them and another behind them, and hence no one had reason to anticipate that the mules might run away. There were no passing vehicles, and none of the frightening noises and things that are likely to be encountered on the streets of the city. No showing was made whether the mules were restive or quiet, whether direct control was necessary or whether they were accustomed to stand without hitching or guarding. Indeed, there was no testimony to show the means employed in controlling teams in the mine, whether by lines or by the voice of the driver, nor the kind of care which is necessary under such circumstances as existed in the mine. The mules only advanced a few steps, and it can hardly be said that if the driver had been standing near them he could have prevented the accident. To make the defendant liable it must be shown that something was done or left undone by it which would have averted the accident. In the absence of evidence as to the disposition of the mules, the care necessary to their control in order to avoid injuries to employees, or what was due and reasonable care under the circumstances that existed there, it must be held that the plaintiff failed to make out his case. (*Lewis v. Coal Co.*, 84 Kan. 333, 113 Pac. 1045.) In order to recover, it devolved upon the plaintiff to prove that the persons in charge of the team did not exercise reasonable care; that is, such care as would be exercised by persons of ordinary care and prudence under like circumstances; and the ruling of the trial court that this proof was not made must be sustained.

The judgment is affirmed.